IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David P. DIAMON, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

David P. DIAMON, Respondent.

Supreme Court

*No. 00–0821–D. Filed April 4, 2001.*

2001 WI 28

(Also reported in 624 N.W.2d 147.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Attorney David P. Diamon to practice law in Wisconsin be suspended for five months for professional misconduct. That misconduct consists of failing to perform legal work for which fees were paid, failing to refund retainers when requested to do so by clients, and failing to cooperate with the Board of Attorneys Professional Responsibility (Board).[1] In addition to the license suspension, the referee recommended that Attorney Diamon pay restitution, with interest, to the clients and that he pay the costs of this proceeding.

¶ 2. We determine that the seriousness of Attorney Diamon's professional misconduct warrants a five-month suspension of his license to practice law in Wisconsin.

¶ 3. Attorney Diamon was admitted to the practice of law in Wisconsin in 1997. His license was suspended on November 1, 1999, for non-payment of bar dues. Attorney Diamon currently resides in Galt, California.

¶ 4. On March 22, 2000, the Board filed a complaint and order to answer. The complaint alleged that Attorney Diamon engaged in professional misconduct with respect to two client matters. The first matter

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, the body will be referred to as "the Board" and all references to supreme court rules will be to those in effect prior to October 1, 2000.

involved a couple who hired Attorney Diamon to perform estate planning legal services and create a limited liability company (LLC) on their behalf. The clients paid Attorney Diamon $1400 for the legal work to be performed on the estate plan and $500 for the creation of the LLC. For approximately four weeks after their initial meeting with Attorney Diamon, the clients made unsuccessful efforts to contact him. The clients subsequently learned that Attorney Diamon had closed his Madison law office and relocated to California. By letter dated November 2, 1998, the clients demanded return of the $1900 they had paid for the estate planning work and the formation of the LLC. Attorney Diamon never completed the legal work for the clients nor did he refund the monies they had paid him.

¶ 5. The second allegation of misconduct detailed in the complaint stated that during May of 1998 another couple met with Attorney Diamon and retained him for the purpose of drafting trust documents for the benefit of their minor children. This couple paid Attorney Diamon a fee of $1500. Although the clients attempted to contact Attorney Diamon in the summer and fall of 1998 he did not return their calls. The clients later found that Attorney Diamon's telephone had been disconnected. Attorney Diamon never informed the clients that he had closed his law practice in Madison and relocated to California. Attorney Diamon never drafted the trust documents for the clients nor did he refund their retainer.

¶ 6. By letters dated August 13 and August 25, 1999, an attorney assigned to investigate the matter by the District 9 Professional Responsibility Committee (PRC) wrote to Attorney Diamon asking for additional information and requesting that he contact her office to schedule a telephone conference. By letter dated

August 30, 1999, Attorney Diamon requested more time to respond. The PRC investigator gave him until September 24, 1999, to provide a response and asked that he provide a telephone number where he could be reached and available dates for a telephone conference.

¶ 7. By letter dated September 24, 1999, Attorney Diamon advised the PRC that he would be hiring an attorney to assist him with the matter. On October 18, 1999, he wrote another letter saying he would not be hiring an attorney. On October 31, 1999, Attorney Diamon provided a response to the PRC which failed to address some of the questions raised by the PRC investigator. He never provided a telephone number where he could be reached for purposes of an interview.

¶ 8. A scheduling conference was held on June 13, 2000, in which both Attorney Diamon and the Board's counsel participated. A two-day hearing was set for September 11 and 12, 2000. On September 9, 2000, Attorney Diamon sent an e-mail message to the Board's counsel indicating that he would not be returning from California for the hearing. He requested a continuance of the hearing, which the referee denied. The referee offered to allow Attorney Diamon to appear at the hearing by telephone. The hearing was held as scheduled on September 11, 2000. The referee, John N. Schweitzer, telephoned Attorney Diamon and received no answer. The hearing proceeded, and the Board's counsel presented witness testimony from two of the clients, along with documentary evidence. The evidentiary portion of the hearing was concluded on September 11, 2000. The record was held open to allow Attorney Diamon to read the transcript and respond to Board counsel's argument and recommendation for discipline. Attorney Diamon filed his argument on October 17, 2000. Board counsel filed

a letter reply on October 20, 2000. The record of the proceeding was closed on October 25, 2000.

¶ 9. The referee concluded that Attorney Diamon was in default in the disciplinary proceeding under SCR 22.23(2)[2]and Wis. Stat. § 806.02(5),[3]for failing to appear at the scheduled hearing.

¶ 10. The referee concluded that by failing to seek additional information from the first clients that was required in order to conclude his legal work for them and by failing to do any work in developing the trust for the second clients, Attorney Diamon violated SCR 20:1.3.[4]The referee also concluded that by failing to communicate with his clients, by failing to notify them that he was closing his office and moving out of state, and by failing to provide his clients with a forwarding address, Attorney Diamon violated SCR 20:1.4(a).[5]The referee further found that by effectively terminating his representation of his clients without performing any services and by failing to refund the

---

[2]Former SCR 22.23(2) provided:

(2)  The rules of civil procedure apply in disciplinary proceedings except as otherwise provided in the rules.

[3]Wisconsin Stat. § 806.02(5) provides:

A default judgment may be rendered against any defendant who has appeared in the action but who fails to appear at trial. If proof of any fact is necessary for the court to render judgment, the court shall receive the proof.

[4]SCR 20:1.3 provides:

Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client.

[5]SCR 20:1.4(a) provides:

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

clients' retainer fees, Attorney Diamon violated SCR 20:1.16(d).[6] The referee also concluded that by failing to respond to the PRC's inquiries, by failing to provide a timely response to those inquiries, and by failing to provide a means for being contacted by telephone by the PRC for interview purposes as requested, Attorney Diamon violated SCR 21.03(4).[7]

¶ 11. The referee concluded that a five-month license suspension was appropriate. Although the referee found that Attorney Diamon's professional violations were troublesome, he noted that the abandonment of Attorney Diamon's practice was not accompanied by any aggravating factors such as a failure to file papers to preserve client rights in ongoing cases. The referee also recommended that Attorney Diamon be ordered to pay restitution to the clients, with interest at 5%, and he recommended that payment of restitution be treated as a condition of the reinstatement of Attorney Diamon's license.

¶ 12. We adopt the referee's findings of fact and conclusions of law and determine that to be the appropriate discipline for Attorney Diamon's professional misconduct. Attorney Diamon's failure to perform legal

---

[6] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law. ·

[7] Former SCR 21.03(4) provided:

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

work for which he was paid, his failure to refund retainer fees to his clients, and his failure to cooperate with the Board's investigation are serious failings warranting a suspension of his license. A five-month suspension of his license to practice law is appropriate discipline for this professional misconduct.

¶ 13. IT IS ORDERED that the license of David P. Diamon to practice law in Wisconsin is suspended for a period of five months, effective May 8, 2001.

¶ 14. IT IS FURTHER ORDERED that David P. Diamon comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 15. IT IS FURTHER ORDERED that David P. Diamon refund $1900 plus interest at the rate of 5% per year from July 14, 1998, to the first clients, and that he refund $1500 plus interest at the rate of 5% per year from May 15, 1998, to the second clients. If these refunds are not made within 60 days from the date of this order, the license of David P. Diamon to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order David P. Diamon pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of David P. Diamon to practice law in Wisconsin shall remain suspended until further order of the court.