# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2578-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph J. Kaupie, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |     v. |
| | Joseph J. Kaupie, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KAUPIE

| | |
|---|---|
| OPINION FILED: | July 15, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2578-D

STATE OF WISCONSIN       :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Joseph J. Kaupie, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Joseph J. Kaupie,**

       **Respondent.**

**FILED**

**JUL 15, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review, pursuant to Supreme Court Rule (SCR) 22.17(2), the report of the referee, Robert E. Kinney, recommending that the court suspend Attorney Joseph J. Kaupie's license to practice law in Wisconsin for a period of five months for professional misconduct in connection with four client matters. No appeal has been filed.

¶2 We approve and adopt the referee's findings of fact and conclusions of law. We conclude that Attorney Kaupie's

misconduct warrants a five-month license suspension together with the imposition of full costs, which total $2,309.41 as of March 31, 2015.

¶3 Attorney Kaupie was licensed to practice law in Wisconsin in 1999. He resides in Wausau. Attorney Kaupie's license has been administratively suspended since October 31, 2011, for his failure to pay mandatory State Bar dues and his failure to file a trust account certification, and since June 12, 2012, for failure to comply with continuing legal education requirements. In addition, on March 15, 2012, this court temporarily suspended Attorney Kaupie's license for his willful failure to cooperate in Office of Lawyer Regulation (OLR) investigations concerning his conduct. He has not previously been the subject of disciplinary proceedings.

¶4 On November 6, 2014, the OLR filed a complaint alleging that Attorney Kaupie committed 14 counts of professional misconduct. By order dated December 15, 2014, Robert E. Kinney was appointed referee. On March 9, 2015, the parties filed a stipulation and no contest plea agreement whereby Attorney Kaupie pled no contest to the misconduct alleged in the complaint. Attorney Kaupie acknowledged the accuracy of the complaint's factual allegations and the parties jointly requested that the referee recommend a five-month suspension.

Matter of D.B. (Counts One-Three)

¶5 In November 2010, Attorney Kaupie was appointed by the Office of the State Public Defender (SPD) to represent D.B. on

D.B.'s appeal from his conviction for sexual assault. Attorney Kaupie failed to respond to telephone messages and failed to respond to written communications from his client and from the SPD. Attorney Kaupie had no contact at any time with D.B. regarding his appeal and, as a result, D.B.'s appellate deadlines lapsed. The SPD eventually removed Attorney Kaupie from its list of attorneys eligible to receive post-conviction appointments and a grievance was filed. Attorney Kaupie then failed to respond to repeated inquiries from the OLR concerning the grievance. The referee concluded, based on the parties' stipulation, that Attorney Kaupie's conduct in this matter violated SCR 20:1.3,[1] SCR 20:1.4(a)(3) and (4),[2] and SCR 22.03(2) and (6),[3] enforced via SCR 20:8.4(h).[4]

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(3) and (4) provide that a lawyer shall "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests by the client for information."

[3] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and

(continued)

3

Matter of P.E. (Counts Four-Seven)

¶6   In 2010, Attorney Kaupie was appointed by the SPD to represent P.E. in post-conviction proceedings stemming from his conviction, on entry of a guilty plea, to burglary, receiving stolen property, criminal damage to property, and two counts of armed robbery.   Attorney Kaupie did not file a statement on transcript or a brief in the case.   He disregarded the court of appeal's delinquency notice regarding his failure to file P.E.'s brief.   Attorney Kaupie was removed from the appeal and the SPD was ordered to appoint replacement counsel.   Attorney Kaupie then failed to send successor counsel P.E.'s file and failed to respond to repeated inquiries from the OLR regarding the ensuing grievance investigation.   The referee concluded, based on the parties' stipulation, that Attorney Kaupie's conduct in this

---

present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[4] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

4

matter violated SCR 20:1.3, SCR 20:1.16(d),[5] SCR 20:3.4(c),[6] and SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

Matter of Y.M. (Counts Eight-Ten)

¶7  In 2010, Attorney Kaupie was appointed by the SPD to represent Y.M. in post-conviction proceedings stemming from his conviction, on entry of a guilty plea, to several drug-related crimes and one count of resisting/obstructing an officer. Attorney Kaupie did not file a brief or do meaningful work to advance Y.M.'s appeal.  Y.M. briefly met with Attorney Kaupie in the prison but had no further communication with him.  Y.M. was unable to contact Kaupie by telephone or by mail and eventually learned that his appeal had been dismissed because of Attorney Kaupie's failure to file a brief on his behalf.  Attorney Kaupie then failed to respond to repeated inquiries from the OLR regarding the ensuing grievance investigation.  The referee

---

[5] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

concluded, based on the parties' stipulation, that Attorney Kaupie's conduct in this matter violated SCR 20:1.3, SCR 20:1.4(a)(3) and (4), and SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

Matter of J.W. (Counts 11-14)

¶8 In December 2009, Attorney Kaupie was appointed by the SPD to represent J.W. in post-conviction proceedings stemming from J.W.'s conviction for second degree sexual assault of a child. Attorney Kaupie handled a post-conviction motion but failed to respond to multiple directives from the court of appeals relating to J.W.'s appeal. In August 2011, the court of appeals issued an order rejecting a no-merit report filed by Attorney Kaupie and ordering Attorney Kaupie to pursue an appeal. Attorney Kaupie did not respond to the court's order or to communications from the SPD. In September 2011, the SPD suspended Attorney Kaupie "[b]ased on your pattern of failing to communicate with the court, our appellate office and your client."

¶9 Attorney Kaupie then failed to send successor counsel J.W.'s file and failed to respond to repeated inquiries from the OLR regarding the ensuing grievance investigation. The referee concluded, based on the parties' stipulation, that Attorney Kaupie's conduct in this matter violated SCR 20:1.3, SCR 20:1.16(d), SCR 20:3.4(c), and SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶10 Attorney Kaupie has stipulated that he fully understands the misconduct allegations; that he understands his

6

right to contest this matter; that he understands the ramifications should the court impose a five-month suspension; and that his entry into the stipulation is made knowingly and voluntarily and represents his admission of the alleged misconduct and his agreement with the level of discipline sought by the OLR. The parties asked the referee to approve the stipulation and file a report finding facts and misconduct consistent with the stipulation and recommending that Attorney Kaupie's license to practice law be suspended for five months.

¶11 On March 11, 2015, the referee filed his findings of fact, conclusions of law, and recommendation in which he adopted the parties' stipulated findings of fact, determined that the OLR had proven by clear, satisfactory, and convincing evidence that Attorney Kaupie had engaged in the alleged misconduct, recommended that Attorney Kaupie's license to practice law be suspended for five months, and recommended imposition of full costs. No appeal was filed from the referee's report and recommendation. Restitution is neither sought nor recommended in this matter.

¶12 This court will affirm a referee's findings of fact unless they are clearly erroneous, but conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

7

¶13 As the referee observed, abandonment of clients, especially those who are vulnerable due to incarceration and indigency, is a serious matter and Attorney Kaupie's cooperation with the ensuing investigation was "abysmal." The referee was mindful, however, that Attorney Kaupie had no prior disciplinary history and that Attorney Kaupie acknowledged complete culpability for his misconduct.

¶14 The stipulation discloses that in 2009, when this misconduct commenced, Attorney Kaupie was a sole practitioner with no office staff, practicing primarily in the area of criminal defense. That year, Attorney Kaupie's mother, who suffered from Alzheimer's disease, experienced declining health. Attorney Kaupie spent considerable time caring for his mother, whose condition increasingly needed constant supervision. The stipulation discloses that Attorney Kaupie essentially stopped practicing law to care for his mother, who passed away in November 2014.

¶15 We adopt the referee's findings of fact and conclusions of law and determine that, in view of the circumstances presented, a five-month suspension is the appropriate discipline for Attorney Kaupie's professional misconduct. See In re Disciplinary Proceedings Against Diamon, 2001 WI 28, 242 Wis. 2d 110, 624 N.W.2d 147 (five-month suspension for failure to act with reasonable diligence and promptness in representing clients, failure to communicate with clients, terminating representation of clients without performing any legal services or refunding any unearned fees,

8

and failure to cooperate in the misconduct investigation). We find no reason to diverge from our general policy of imposing full costs in this matter.

¶16 IT IS ORDERED that the license of Joseph J. Kaupie to practice law in Wisconsin is suspended for a period of five months, effective the date of this order.

¶17 IT IS FURTHER ORDERED that within 60 days of the date of this order, Joseph J. Kaupie shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,309.41.

¶18 IT IS FURTHER ORDERED that the March 15, 2012 temporary suspension of Joseph J. Kaupie's license to practice law in Wisconsin, due to his willful failure to cooperate with the OLR's grievance investigation in this matter, is lifted. The administrative suspensions imposed upon Attorney Kaupie's license for failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, however, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶19 IT IS FURTHER ORDERED that, to the extent he has not already done so, Joseph J. Kaupie shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶20 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

9