# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAVID KENNETH RENTSCH,

      Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 336371
Oakland Circuit Court
LC No. 2014-249056-FC

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment. Defendant appealed to this Court and argued, in part, that the trial court erred in scoring Offense Variable (OV) 19 and that he was entitled to a *Crosby*[1] remand because the trial court engaged in judicial fact-finding to increase the floor of his minimum sentencing-guidelines range. *People v Rentsch*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2016 (Docket No. 326778), pp 4-5. This Court determined that although there "were no errors warranting a new trial," a *Crosby* remand was required because "the trial court sentenced [defendant] using facts not found by the jury. . . ." *Id*. at 6.

The trial court determined on remand that it "would have imposed the same sentence but for the unconstitutional constraint on the Court's discretion as set forth in [*People v*] *Lockridge*, [498 Mich 358, 364; 870 NW2d 502 (2015),] . . . and thus, shall not resentence [d]efendant in this matter." Defendant now appeals as of right. We affirm.

Defendant argues that his 300-month minimum sentence for armed robbery should be treated as a departure sentence because the trial court scored the guidelines based on judge-found facts. Therefore, defendant asserts, this Court should review defendant's sentence for reasonableness and proportionality.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

The Michigan Supreme Court has concluded that the Michigan sentencing guidelines are constitutionally deficient under the Sixth Amendment to "the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range. . . ." *Lockridge*, 498 Mich at 364. "To remedy the constitutional violation, [the Supreme Court] sever[ed] MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Id*. Additionally, the Supreme Court struck "down the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *Id*. at 364-365. "[A] guidelines minimum sentence range . . . is [now] advisory only and . . . sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." *Id*. at 365. "[A]lthough the guidelines can no longer be mandatory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. Therefore, "trial courts 'must consult those Guidelines and take them into account when sentencing.' " *Id*., quoting *United States v Booker*, 543 US 220, 264; 125 S Ct 738; 160 L Ed 2d 621 (2005). Further, contrary to defendant's implication, a trial court is permitted to score a defendant's guidelines based on judge-found facts. *People v Biddles*, 316 Mich App 148, 158-159; 896 NW2d 461 (2016).

Defendant's minimum sentence is within the guidelines range of 135 to 450 months. See *Rentsch*, unpub op at 6. In its prior opinion, this Court determined that judicial fact-finding was used to score OV 4 and OV 19. *Id*., unpub op at 5-6. Further, this Court concluded that deduction of the 10 points assessed under OV 4 and the 10 points assessed under OV 19 would change the applicable guidelines range to 126 to 420 months. *Id*. We note that this Court was not suggesting that defendant's guidelines range was actually being changed to 126 to 420 months. Instead, this Court performed the analysis required by *Lockridge* to determine whether defendant's Sixth Amendment rights were actually impaired by an unconstitutional constraint. See *Lockridge*, 498 Mich at 395.

This Court stated:

> In this case, the facts necessary to score OVs 4 and 19 were not found by the jury. The trial court assigned 10 points to OV 4. OV 4 governs "psychological injury to a victim." MCL 777.34(1). Ten points are assigned when . . . "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). This issue was not submitted to or determined by the jury and [defendant] did not concede that the victim suffered such an injury.
>
> The same is true of the evidence that the trial court relied on in scoring OV 19. When the 20 points assigned to OV 4 and OV 19 are subtracted from the total score, the applicable sentencing category goes from F-III to F-II. MCL 777.62. Accordingly, [defendant's] guideline minimum sentencing range, as a fourth habitual offender, goes from 135 to 450 months to 126 to 420 months. MCL 777.62. As such, he is entitled to a *Crosby* remand. [*Rentsch*, unpub op at 5-6.]

-2-

The Court's statement that "the facts necessary to score OVs 4 and 19 were not found by a jury" was related to its addressing the Sixth Amendment violation that occurred as a result of judicial fact-finding when defendant was sentenced before *Lockridge* was decided. The remedy articulated in *Lockridge* for such a violation was to order a *Crosby* remand, see *Steanhouse I*, 500 Mich at 461-462, and *Lockridge*, 498 Mich at 397, and this Court did so, see *Rentsch*, unpub op at 6. This Court did not change defendant's guidelines range and, at any rate, the 300-month minimum sentence is not a "departure sentence" even if one were to apply the 126-to-420-month range instead of the 135-to-450-month range.

Because defendant's sentence is not a departure sentence, it need not be subjected to reasonableness review under *Lockridge*. See *Lockridge*, 498 Mich at 392 ("A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."). In addition, review of defendant's sentence is foreclosed by MCL 769.34(10), which states, in pertinent part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

In *Schrauben*, 314 Mich App 181, 196; 868 NW2d 173 (2016), this Court stated:

> When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

Significantly, the *Schrauben* Court noted that "*Lockridge* did not alter or diminish MCL 769.34(10). . . ." *Id*. at 196 n 1.

Although defendant, in making his argument that we should treat his sentence in the same manner as a departure sentence, argues that *Schrauben* was wrongly decided, he does not identify any language in *Lockridge* indicating an intention to modify MCL 769.34(10), and we are, in any event, bound to follow *Schrauben*. MCR 7.215(J)(1). Further, defendant does not now contend that the trial court relied on inaccurate information in sentencing him or committed a scoring error. See MCL 769.34(10). Although this Court did not address the issue of inaccurate information in its prior opinion, this Court found that the trial court did not commit a scoring error with respect to OV 19. See *Rentsch*, unpub op at 4-5. Even if defendant was currently arguing that the trial court committed a scoring error with respect to OV 19, consideration of the argument would be barred by the law-of-the-case doctrine. See *Lenawee Co v Wagley*, 301 Mich App 134, 149-150; 836 NW2d 193 (2013) (explaining effect of the law-of-the-case doctrine). This Court must affirm defendant's non-departure sentence. *Schrauben*, 314 Mich App at 196; MCL 769.34(10). In addition, we note that, regardless of the guidelines, the

trial court was *required* to impose a minimum sentence of 25 years because of defendant's status as a fourth-offense habitual offender. See MCL 769.12(1)(a).

Defendant argues that his mandatory minimum sentence is unconstitutional because it constitutes unusual punishment. We decline to address this issue because it is outside the scope of remand.

In *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994), citing *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975), this Court held that "where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from the decision on remand." In *Jones*, 394 Mich at 435-436, the Supreme Court held that "the scope of the second appeal is limited by the scope of the remand."

Defendant's case was remanded to the trial court and the remand was limited to " 'whether that court would have imposed a materially different sentence but for the constitutional error' using a procedure known as a *Crosby* remand." *Rentsch*, unpub op at 5, quoting *Lockridge*, 498 Mich at 397. As the prosecutor notes, "[w]hether defendant's sentence violated the 'cruel or unusual' provision of Const 1963, art 1, § 16, was not an issue that was part of the remand." This issue is outside the scope of the *Crosby* remand, and we decline to address it.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-