Other state courts have addressed this concern when their states' analogous statutory presumptions were challenged by requiring the state to proffer additional evidence of the parent's unfitness to parent the child currently at issue. See, e.g., *In re JL*, 20 Kan App 2d 665, 672-673 (1995) (holding that a Kansas statute creating a statutory presumption of unfitness based on a prior termination can be rebutted by any evidence supporting a finding of fitness); *Florida Dep't of Children & Families v FL*, 880 So 2d 602, 609 (Fla, 2004) (holding that a parent's rights may only be terminated on the basis of a similar Florida statutory presumption if the state also establishes that there is "a substantial risk of significant harm to the current child").

The statutory presumption at issue in MCL 712A.19b(3)(*l*)—that a parent's unfitness may be based solely on a prior involuntary termination—raises significant constitutional questions that are not complained of in this case but nevertheless trouble me. When someone is accused of a crime, due process does not permit the state to put forth evidence of a prior conviction as sufficient proof to convict him or her of the new charge. To the contrary, we go to great lengths to provide an accused with fair process that does not allow his or her criminal history to play a role in the present adjudication. I do not see why similar process is not due a parent in jeopardy of losing the constitutional right to control the care and custody of his or her children.

My concerns regarding the constitutionality of MCL 712A.19b(3)(*l*) notwithstanding, I concur with the Court's decision to deny leave to appeal in this case because the respondent-father has complained only of the Court of Appeals' sua sponte use of his prior termination as grounds to uphold the trial court's result specifically because, the respondent argued, there was no finding that his prior termination did not violate *Sanders*, 495 Mich 394. There is no evidence, however, that the respondent-father's prior termination was impermissible under *Sanders* or that he was unaware his prior termination could be used to terminate his parental rights. The respondent-father directly appealed the trial court's termination of his parental rights under MCL 712A.19b(3)(i), which permits the state to terminate a parent's rights on the basis of a prior termination that involved serious and chronic neglect or physical or sexual abuse and a showing that the parent has not been rehabilitated; thus, the respondent was plainly aware that his prior termination was at issue in the present proceeding. Accordingly, I am not persuaded that the respondent-father's arguments merit further review.

*Summary Disposition December 22, 2015:*

PEOPLE v REDDING, No. 151540; Court of Appeals No. 319255. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion.

If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V McGILARY, No. 151629; Court of Appeals No. 319975. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V PRATT, No. 151745; Court of Appeals No. 319639. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals and we remand this case to the Kalamazoo Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V TILLERY, No. 151836; Court of Appeals No. 326753. Pursuant to MCR 7.305(H)(1), and in lieu of granting leave to appeal, we remand this case to the Lapeer Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedures described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resen-