# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JERMIAL ALI REDDING,

Defendant-Appellant.

UNPUBLISHED
April 10, 2018

No. 336896
Wayne Circuit Court
LC No. 13-003882-01-FC

Before: SERVITTO, P.J., and MARKEY and O'CONNELL JJ.

PER CURIAM.

Defendant appeals by right the trial court's order denying his request for resentencing after a *Crosby*[1] remand hearing. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for the armed robbery conviction, 2 to 10 years' imprisonment for the felon in possession of a firearm and carrying a concealed weapon convictions, and two years' imprisonment for the felony-firearm conviction. On direct appeal, this Court affirmed defendant's convictions and sentences. *People v Redding*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2015 (Docket No. 319255). On further appeal, our Supreme Court entered an order reversing in part the judgment of this Court and remanding to the trial court for a determination of whether the trial court "would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)." *People v Redding*, 498 Mich 944 (2015). On remand, the trial court denied defendant's request for resentencing. Defendant now appeals by right.

As an initial matter, the prosecution argues that because defendant's issue on appeal is outside the scope of the Michigan Supreme Court's remand order, this Court is without jurisdiction to consider this appeal. We disagree.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

MCR 7.203(A)(1) provides that this Court "has jurisdiction of an appeal of right" from a "final judgment or final order of the circuit court." MCR 7.202(6)(b)(iv) provides that a "final judgment" or "final order" in a criminal case includes "a sentence imposed, or order entered, by the trial court following a remand from an appellate court in a prior appeal of right. . . ."

Defendant previously appealed as of right to this Court in 2013 and appealed the panel's decision to the Michigan Supreme Court in 2015. See *Redding*, unpub op. The Supreme Court remanded to the trial court for a hearing "pursuant to the procedure described in Part VI" of its decision in *Lockridge*. *Redding*, 498 Mich at 944. The trial court's order denying defendant resentencing was an order entered by the trial court after remand from our Supreme Court stemming from defendant's first appeal by right of his conviction and sentence. Therefore, under MCR 7.203(A)(1) and MCR 7.202(6)(b)(iv), the trial court's January 6, 2017 order is a final order that is appealable as of right. Thus, this Court has jurisdiction over the order appealed.

Although we find the prosecution's argument that this Court is without jurisdiction to be without merit, we do find that the issue defendant now raises is beyond the scope of the remand, and we decline to address it.

In *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994), citing *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975), this Court held that "where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from the decision on remand." In *Jones*, our Supreme Court held that "the scope of the second appeal is limited by the scope of the remand." *Jones*, 394 Mich at 435-436.

The Michigan Supreme Court remanded defendant's case to the trial court with instructions to:

> determine whether the court would have imposed a materially difference sentence under the sentencing procedure described in . . . *Lockridge*. . . . On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. [*Redding*, 498 Mich at 944-945.]

Here, the trial court determined that it would have imposed the same sentence absent the unconstitutional constraint on its discretion and reaffirmed defendant's original sentence. Whether the trial court utilized judge-found facts in fashioning defendant's sentence or whether the sentence was reasonable or proportionate is outside the scope of our Supreme Court's remand order, and we decline to address it.

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell

-2-