PEOPLE v JONES

PEOPLE v PEQUIES

Docket Nos. 56549, 56730. Decided July 23, 1975.

> Applications for leave to appeal by Eugene Jones and Harvey Pequies from orders of the Court of Appeals dismissing their claims of appeal of right from proceedings in trial courts pursuant to remand by the Court of Appeals (Docket Nos. 20675, 21455). Reversed and remanded for hearing appeals of right.

APPEAL AND ERROR—CRIMINAL LAW—APPEAL AFTER REMAND.

> Proceedings in criminal cases on remand by the Court of Appeals for resentencing or an evidentiary hearing are an integral part of the constitutionally guaranteed appeal as of right, and an appeal from those proceedings to the Court of Appeals is an appeal of right, limited by the scope of the remand.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, in *People v Jones,* and *Robert M. Morgan,* Assistant Prosecuting Attorney, in *People v Pequies,* for the people.

State Appellate Defender, by *Steven L. Schwartz,* Assistant Defender, in *People v Jones,* and by *Elizabeth Schwartz,* Assistant Defender, in *People v Pequies.*

MEMORANDUM OPINION. Eugene Jones originally

REFERENCES FOR POINTS IN HEADNOTE

4 Am Jur 2d, Appeal and Error § 172.

5 Am Jur 2d, Appeal and Error §§ 872, 873.

was convicted and sentenced in 1971. He appealed to the Court of Appeals as of right and a panel affirmed Jones' conviction but remanded for resentencing.

After resentencing, Jones sought an appeal of right which the Court of Appeals dismissed because the Court "determined that an order of resentencing alone, which is not the result of a new criminal prosecution, is not appealable as of right to this Court".

Harvey Pequies originally was convicted and sentenced in 1971. He appealed to the Court of Appeals as of right, and a panel affirmed on certain issues but remanded for an evidentiary hearing concerning certain identification evidence.

After the trial judge made a decision on the basis of the evidence adduced at the evidentiary hearing, Pequies sought an appeal of right. The Court of Appeals dismissed this appeal of right without prejudice to the filing of a delayed application for leave to appeal.

Both Jones and Pequies brought an application for leave to appeal to this Court challenging dismissal of their appeals of right by the Court of Appeals. We grant both applications and, *sua sponte,* pursuant to GCR 1963, 865.1(7), reverse the Court of Appeals in both cases, and order Jones' and Pequies' claims of appeal reinstated as appeals of right.

In both situations, we view the proceedings on remand as an integral part of defendants' constitutionally guaranteed appeal as of right. The rationale of *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), clearly applies to the situations and allows the second appeal to the Court of Appeals to be as of right.

Just as in *Pickett,* we hold that the scope of the

second appeal is limited by the scope of the remand. Thus, Jones' second appeal shall be concerned only with matters which arose at resentencing and Pequies' second appeal shall be concerned only with issues arising from the evidentiary hearing.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, and LINDEMER, JJ., concurred.

J. W. FITZGERALD, J., concurred as to *Pequies,* and did not participate in *Jones.*

SWAINSON, J., took no part in the decision in this case.