PEOPLE v CADLE (ON REMAND)

Docket Nos. 180431, 180432, 180433. Submitted November 22, 1994,
    at Lansing. Decided March 21, 1995, at 9:25 A.M.

Henry O. Cadle, Richard B. Amo, and Raymond Valin were
    convicted by a jury in the Macomb Circuit Court, Michael D.
    Schwartz, J., of conspiracy to possess with intent to deliver
    more than 650 grams of cocaine. The Court of Appeals, HOOD,
    P.J., and MURPHY and FITZGERALD, JJ., reversed, holding in
    part that the trial court's refusal to grant separate trials
    denied the defendants a fair trial and that the prosecution's
    failure to produce an informant violated their rights to due
    process. 204 Mich App 646 (1994). In lieu of granting the
    prosecution leave to appeal, the Supreme Court remanded the
    case to the Court of Appeals for reconsideration in light of
    *People v Hana,* 447 Mich 325 (1994). 447 Mich 958 (1994).

On remand, the Court of Appeals *held:*

1. The trial court did not abuse its discretion in refusing to
    grant severance in the absence of a showing by the defendants
    that their defenses were mutually exclusive or irreconcilable in
    addition to being inconsistent.

2. The Supreme Court's remand order does not affect this
    Court's prior holding that the prosecution's failure to produce
    the informant deprived the defendants of their rights to due
    process.

Reversed.

CRIMINAL LAW — JOINT TRIALS — SEVERANCE.

The decision to sever or join the trials of defendants charged with
    the same offense lies within the discretion of the trial court;
    severance is mandated only when a defendant demonstrates
    that substantial rights will be prejudiced and that severance is
    the necessary means of rectifying the potential prejudice; to
    warrant severance, defenses must be not only inconsistent, but
    also mutually exclusive or irreconcilable (MCL 768.5; MSA
    28.1028; MCR 6.121[C],[D]).

REFERENCES

Am Jur 2d, Trial §§ 158, 161, 170, 171.

Antagonistic defenses as ground for separate trials of codefendants
    in criminal case. 82 ALR3d 245.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Attorney, and *Eric J. Kaiser,* Chief Trial Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for Henry O. Cadle.

*Michael J. Brady,* for Richard B. Amo.

*Martin J. Beres,* for Raymond Valin.

ON REMAND

Before: HOOD, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. 447 Mich 958 (1994). In a previous decision, *People v Cadle,* 204 Mich App 646; 516 NW2d 520 (1994), we reversed defendants' convictions, finding, inter alia, that the trial court erred in denying their motions for severance based on antagonistic defenses. In lieu of granting the prosecutor's application for leave to appeal, the Supreme Court remanded the matter for our reconsideration in light of the Court's decision in *People v Hana,* 447 Mich 325; 524 NW2d 682 (1994). Upon reconsideration, we find that the trial court did not abuse its discretion in denying severance.

In *Hana,* our Supreme Court held that *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), relied upon in our prior opinion, has been erroneously applied

by panels of this Court as mandating severance whenever antagonistic defenses are alleged. Instead, the Court held that

> pursuant to MCL 768.5; MSA 28.1028, and MCR 6.121(D), the decision to sever or join defendants lies within the discretion of the trial court. Severance is mandated under MCR 6.121(C) only when a defendant provides the court with a supporting affidavit, or makes an offer of proof, that clearly, affirmatively, and fully demonstrates that his substantial rights will be prejudiced and that severance is the necessary means of rectifying the potential prejudice. [*Hana, supra* at 346.]

The Court pointed out that the defenses must be not only inconsistent, but also mutually exclusive or irreconcilable. This cannot be said of the defenses in the case at hand, which in many respects are quite similar to that involving Durid Hana.

We therefore conclude that the trial court did not abuse its discretion in refusing to grant defendants' motions for severance.

This does not totally change the result of our prior opinion, however. In light of the fact that the scope of an appeal on remand is limited by the remand order, law of the case prevents our reconsideration of our prior holding that the prosecutor's failure to produce the alleged informant was a violation of due process. 204 Mich App 650-651. See *People v Jones,* 394 Mich 434; 231 NW2d 649 (1975).

Reversed in accordance with that part of our prior opinion. We do not retain jurisdiction.

REFERENCES

Am Jur 2d, Trial §§ 158, 161, 170, 171.

Antagonistic defenses as ground for separate trials of codefendants in criminal case. 82 ALR3d 245.