# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 28, 2015

Plaintiff-Appellee,

v

No. 319961
Saginaw Circuit Court

PAUL MARCUS FLORES,

LC No. 10-034524-FH

Defendant-Appellant.

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing for his jury trial convictions of two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(b)(*ii*) (victim between 13 and 16 years old and related to defendant).[1] Defendant was sentenced to 8 to 20 years for each count. We affirm.

## I. FACTUAL BACKGROUND

The instant case is defendant's second appeal. In his first appeal, *People v Flores*, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2013 (Docket No. 312613), p 1, a panel of this Court summarized the basic facts as follows:

> The victim, defendant's daughter, alleged that on two occasions in June 2006, before her 14th birthday, defendant penetrated her with his fingers and with his penis while she was staying with defendant at defendant's girlfriend's house. The victim initially disclosed the abuse to one of defendant's friends in an email. A few days later, she wrote two emails recanting the allegations. At trial she indicated that she recanted her allegations because defendant had called her and asked her to say she was lying so that he would not get in trouble. The victim testified that sometime after the incidents she told her mother and grandparents, but no one got her any help. Eventually, she told a school counselor about the

---

[1] Defendant was acquitted of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b).

-1-

abuse, and the counselor reported it to protective services, who became involved in 2007. The police set up a forensic interview, but the officer in charge indicated that from May 2007 until 2010, the police did not continue the investigation, ostensibly due to the sheer volume of cases on which the officer was working. Charges were brought against defendant in 2010 and he was tried and convicted in 2012.

While the panel affirmed defendant's convictions, it remanded for resentencing. *Flores*, slip op at 5. It found that defendant had abandoned a challenge to the scoring of Offense Variable (OV) 3 due to the paucity of his briefing, but that OV 11 should be reduced from 50 points to 25 points. *Id.* at 4-5. Upon remand, defendant was resentenced. Now in this second appeal, he again challenges the scoring of OV 3.

## II. OFFENSE VARIABLE 3

### A. STANDARD OF REVIEW

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). Generally we review questions of fact for clear error and questions of law de novo, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), but we review unpreserved issues de novo, *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

### B. ANALYSIS

A criminal defendant is entitled to a second appeal as of right from a resentencing order. *People v Jones*, 394 Mich 434, 436; 231 NW2d 649 (1975). However, "the scope of the second appeal is limited by the scope of the remand." *Id.* at 435-436. In other words, "[w]hen a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). Nevertheless, "[o]nce the Court of Appeals vacate[s] the defendant's original sentence and remand[s] for resentencing, the case [i]s before the trial court in a presentence posture, allowing for objection to any part of the new sentence." *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007).

Although defendant challenged the scoring of OV 3 at his initial sentencing, the panel in his first appeal found that he abandoned that challenge due to the paucity of his briefing. *Flores*, unpub op at 4. At resentencing, defendant failed to raise any challenge to the scoring of OV 3.

Even if we were to review this issue, and even if we were to agree that OV 3 was scored incorrectly, a change in 10 points would not alter defendant's sentencing range. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."

*People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).  Thus, we decline to remand for resentencing.[2]

### III.  CONCLUSION

Defendant is not entitled to resentencing.  We affirm.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan

---

[2] Although defendant raises a second issue on appeal, the parties have stipulated to strike it from the appeal.