# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK STEVEN-RANDALL HARRIS,

        Defendant-Appellant.

UNPUBLISHED
May 4, 2017

No. 330843
Ottawa Circuit Court
LC No. 14-038019-FC

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant, inter alia, of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(e). The trial court sentenced defendant to 275 to 500 months' imprisonment with credit for 124 days served and confirmed that sentence after a *Crosby*[1] remand from this Court. Defendant appeals by right the trial court's order denying resentencing. We affirm.

This case arises from a sexual assault defendant perpetrated on his estranged wife. In December 2013, defendant and the victim were not living together. On December 10, 2013, defendant and the victim planned to meet at the victim's apartment at about 6:30 p.m. When the victim arrived at her apartment, defendant had already let himself inside. The victim knocked on the door to her apartment because she had lost her key that day. Defendant opened the door, grabbed the victim by her jacket, and pulled her inside of the apartment. The victim immediately saw that defendant was holding a handgun. Defendant eventually forced the victim into the front room of the apartment. As he did, the victim's sister, Shoshanna Steele, was out front knocking on the apartment door. Defendant ignored the knocks, forced the victim onto the floor of the front room, and forcibly performed oral sex and digitally penetrated her. When the assault was over, defendant sat on the couch, and the victim remained on the floor. At that point in time, Steele entered the apartment through the back door and saw her half-naked sister sitting on the floor and defendant sitting on the couch with a gun. Defendant pointed the gun at Steele and took her cellular telephone. Steele and defendant had a heated conversation for about an hour, after which defendant left the apartment.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

A jury convicted defendant of CSC I. The trial court sentenced defendant as noted above. Defendant appealed his conviction, which we affirmed.[2] However, we modified our opinion in light of *Lockridge*[3] and remanded the case to the trial court for a *Crosby* hearing. During the *Crosby* hearing, the trial court determined that it "would not have imposed a materially different sentence but for the unconstitutional constraint presented by application of the Michigan Sentencing Guidelines." The trial court further opined that the guidelines (specifically OV 9) "[were] scored correctly." Defendant now appeals the trial court's order denying resentencing, maintaining that the court improperly assessed 10 points for OV 9.

Defendant argues on appeal that the trial court improperly assessed 10 points for OV 9 when it determined that Steele was a victim of the CSC I offense. Defendant maintains that OV 9 should have been scored zero instead of 10 points because there were not two or more victims placed in danger during the CSC I offense. Although we agree that the trial court erred when it assessed 10 points for OV 9, we find that the error harmless.

The sentencing court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by the statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

To properly assess 10 points for OV 9, the sentencing court must determine by a preponderance of the evidence that "2 to 9 victims were placed in danger of injury or death." MCL 777.39(1)(c). Furthermore, the sentencing court cannot consider the entire criminal transaction, nor can it use defendant's conduct after the crime was completed, as the basis for assessing points for OV 9. *People v McGraw*, 484 Mich 120, 127, 133; 771 NW2d 655 (2009). The court can consider only the specific offense for which defendant is being sentenced when assessing points for OV 9. *Id*. at 133.

In this case, defendant committed CSC I against the victim while Steele was outside the apartment. Steele did not know what was happening; she only thought that "something just didn't seem right." Steele entered the apartment and saw the victim on the floor and defendant sitting on the couch holding a gun. By this time, the sexual assault was over, so defendant had already completed the CSC I offense. The record does not indicate that defendant attempted in any way to sexually assault Steele. Similar to *McGraw*, defendant did not place two or more victims in danger until after the completion of the originating crime (here, the CSC I).

---

[2] *People v Harris*, unpublished opinion per curiam of the Court of Appeals, issued July 30, 2015 (Docket No. 321904).

[3] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

Therefore, the trial court clearly erred when it determined that Steele was a victim of the CSC I. Accordingly, the trial court incorrectly assessed 10 points for OV 9.

But incorrectly assessing 10 points for OV 9 does not entitle defendant to resentencing because it was harmless error. An analysis under the harmless error doctrine is used to determine whether a different result would have been achieved had the error not occurred. *People v Toma*, 462 Mich 281, 296; 613 NW2d 694 (2000). See also *People v McCuller*, 479 Mich 672, 698; 739 NW2d 563 (2007) (holding that "even if the trial court [improperly sentenced] defendant . . . any error was harmless because it did not prejudice defendant"). When a scoring error does not change the appropriate guidelines range, or when the trial court clearly indicates "it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range," resentencing is not required. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

In this case, even if OV 9 were scored at zero points, defendant's minimum sentencing range would remain the same. At sentencing, defendant's PRV score was 55 points (level E); his OV score was 90 points (level V), and his sentencing range was 171 to 285 months' imprisonment. So even if the sentencing court assessed zero points for OV 9, defendant's total OV score would be 80 points (level V). Therefore, defendant's sentencing guidelines would remain unchanged, and resentencing is not required.[4] *Francisco*, 474 Mich at 89 n 8.

Last, although defendant concedes that he was sentenced within the correct recommended guidelines range, he argues that he is still entitled to be resentenced because under *Lockridge*, his sentence is not reasonable. We disagree. Only sentences that depart from the guidelines recommended minimum sentence range are reviewed for reasonableness. *Lockridge*, 498 Mich at 365, 392. Our Supreme Court's decision in *Lockridge* did not alter or diminish MCL 769.34(10).[5] *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). In this case, the guidelines scoring error was harmless because it did not change the guidelines recommended minimum sentence range. *Francisco*, 474 Mich at 89 n 8. Because defendant's

---

[4] Defendant additionally filed a Standard 4 brief in this appeal, presenting arguments that mirror those presented by his appellate counsel. Defendant also makes ineffective assistance of counsel and *Brady* violation arguments. This Court addressed defendant's ineffective assistance of counsel arguments during his appeal of his convictions. See *Harris*, unpub op at 1-2. To the extent that we did not address defendant's *Brady* claim during the previous appeal, and any issues that this Court did address, those issues were not included in the limited remand order or addressed by the trial court at the *Crosby* hearing. Accordingly, those issues are not reviewable in the current appeal. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) (holding that the scope of the appeal is limited by the scope of the remand).

[5] MCL 769.34(10) provides, in pertinent part: "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

sentence was "within the appropriate guidelines sentence range," MCL 769.34(10), this Court must affirm defendant's sentence. *Id*.; *Schrauben*, 314 Mich App at 196.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro