# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVID GERARD HIEB,

       Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 332426
Wayne Circuit Court
LC No. 12-000766-01-FH

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant was convicted by jury of embezzlement of $50,000, but less than $100,000, MCL 750.147(6), false pretenses involving a value of $20,000 or more, but less than $50,000, MCL 750.218(5)(a), and common-law fraud, MCL 750.280. Defendant was originally sentenced on April 11, 2014, as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 76 months to 20 years' imprisonment for each conviction. Defendant previously appealed to this court claiming that his minimum sentencing guidelines range was scored using impermissible judicial fact-finding in violation of the principles set forth in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). He also challenged the imposition of $600 in court costs. *People v Hieb*, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2015 (Docket No. 321919), p 1.[1]

This Court previously determined that although offense variable (OV) 10 (vulnerable victim), MCL 777.40(1), and OV 14 (leader in a multiple offender situation), MCL 777.44(1)(a), had been properly scored, remand was appropriate, pursuant to *Lockridge*, because the scores for OV 10 and OV 14 were based on " 'judge-found facts,' and not facts necessarily found by the jury or admitted by defendant." *Hieb*, unpub op at 6. This Court also found remand appropriate where it was unable to "determine whether the court costs imposed were reasonably related to the actual costs that the trial court incurred." *Id*. at 4. The trial court was instructed to "establish the factual basis for the $600 in court costs" on remand. *Id*.

---

[1] While not at issue here, defendant also challenged his common-law fraud conviction on double jeopardy grounds, and we vacated that conviction. *Hieb*, unpub op at 3.

On appeal after remand, defendant first argues that his minimum sentence of 76 months on both convictions constituted an unreasonable upward departure from the "new" minimum sentencing guidelines range established after remand. Second, defendant argues that the court costs, which were increased by the trial judge from $600 to $1,302 on remand, were imposed without "any rationale at all." We affirm.

## I. REASONABLENESS OF SENTENCE

Defendant first argues that his minimum sentences of 76 months for embezzlement and false pretenses were unreasonable upward departures from the minimum sentencing guidelines range. We disagree.

This Court reviews a sentence that departs from the applicable minimum sentencing guidelines range for reasonableness. *People v Steanhouse*, ___ Mich ___, ___; ___ NW2d ___ (2017); slip op at 14. This Court reviews the reasonableness of a departure sentence for an abuse of the trial court's discretion. *Steanhouse*, __ Mich at __; slip op at 14; *People v Walden*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 330144); slip op at 4. A trial court abuses its discretion when it chooses an outcome that falls outside the principled range of outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Defendant's argument is based on the faulty premise that "this Court eliminated the 15 points scored for OV10 [sic] and the 10 points scored for OV14 [sic,]" after the initial appeal of his convictions and sentences, and as a result, his minimum sentencing guidelines range was reduced from 19 to 76 months to 10 to 38 months. Defendant claims that, as a result, his minimum sentences of 76 months' imprisonment were drastic upward departures from the minimum sentencing guidelines range. Defendant's argument is misguided.

This Court never "eliminated" defendant's OV 10 and OV 14 scores. In fact, this Court previously found that the trial court had not clearly erred in assessing 15 points for OV 10 and 10 points for OV 14. *Hieb*, unpub op at 4-6. The sole issue with the scoring of OV 10 and OV 14 was that the trial judge had relied on facts not found by the jury or admitted by defendant when scoring OV 10 and OV 14. *Id*. at 6. For that reason, we remanded the case in accordance with *Lockridge*. On remand, the trial court concluded "there would be no material difference" in defendant's sentences. Accordingly, the trial court determined that defendant's previously imposed sentences of 76 months to 20 years' imprisonment for the embezzlement and false pretenses convictions would stand.

Defendant's sentence will only be reviewed for reasonableness if he received a departure sentence. See *Lockridge*, 498 Mich at 392 (determining that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness"); see also *Steanhouse*, ___ Mich ___; slip op at 14 (concluding that where a defendant's departure sentence is being reviewed for reasonableness, this Court must determine whether "the sentence [imposed] is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range") (citation omitted); *People v Shank*, 313 Mich App 221, 224; 881 NW2d 135 (2015) (acknowledging that a review for reasonableness is applicable only to defendants who receive departure sentences). Here, defendant, who was sentenced as a fourth habitual offender, MCL 769.12, received a minimum sentence of 76

months' imprisonment for both convictions, which were within the 19 to 76 month minimum sentencing guidelines range. Because defendant's minimum sentences fall within the guidelines range, defendant is not entitled to reasonableness review.

Additionally, defendant fails to acknowledge that MCL 769.34(10) requires that defendant's sentences be affirmed. MCL 769.34(10) states, in relevant part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

This provision remains valid after *Lockridge*, as explained in *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), where this Court explained that

> [w]hen a trial court does not depart from the recommended minimum sentencing guidelines range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

The same result is required here. Defendant's minimum sentences fall within the guidelines range, and he does not argue there was an error in scoring the guidelines or that the court relied on inaccurate information to determine his sentences. Accordingly, defendant's sentences shall be affirmed. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

Finally, "[a] sentence within the guidelines range is presumptively proportionate[.]" *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Defendant does not allude to any unusual circumstances that would render these presumptively proportionate sentences to be disproportionate. *People v Lee*, 243 Mich App 163, 187-188; 622 NW2d 71 (2000). Thus, defendant has failed to overcome the presumption that his sentences are proportionate.

## II. COURT COSTS

Defendant also argues that the trial court did not provide a factual basis to impose $1,302 in court costs, and therefore, those costs are unreasonable. We disagree.

Defendant failed to preserve this issue by objecting to the imposition of court costs in the trial court. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). This Court reviews unpreserved claims involving the improper imposition of court costs for plain error. *Id*. To establish plain error requiring reversal, a defendant must demonstrate the following: "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To show that a plain error affected substantial rights, a defendant must make the requisite showing of prejudice, "i.e., that the error affected the outcome of the lower court proceedings." *Id*.

A trial court is authorized to order a criminal defendant to pay reasonable court costs. *Konopka (On Remand)*, 309 Mich App at 358. Those costs do not need to be separately calculated; however, the trial court must "establish a factual basis" for the costs imposed. MCL 769.1k(1)(b)(*iii*); *Konopka (On Remand)*, 309 Mich App at 359. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Konopka (On Remand)*, 309 Mich App at 359-360.

On remand, the trial court articulated that over a three-year period, beginning in 2011 and ending in 2013, the average expended cost for the Third Circuit was

> $57,291,174.33 and then [that number was] divided . . . by the workload minutes by various divisions. And, of course, the workload minutes for the Criminal Division is $2,114,540. And then they divided that by the workload and the number of criminal cases disposed of during the year being 12,136 and they came up with a statistic that said that the percentage of the workload for the Third Circuit Court is 27.58 percent. And factoring those two numbers together, they came up with a Circuit wide per capita case for the Criminal Division, the cost being $1,302.00.

Although defendant argues that the trial court's imposition of court costs was not supported by "any rationale at all," defendant's real issue is that the data used to justify his court costs was outdated. According to defendant, the imposition of $1,302 in court cost based off data from the years 2011 through 2013 was erroneous because he did not stand trial until 2014. However, defendant fails to take into account that the 2011 to 2013 figures may be the most recent data available to the trial court and the fact that although his trial occurred in 2014, this case was initiated in 2011. Regardless, the trial court clearly complied with this Court's directive on remand and established a detailed factual basis to conclude that $1,302 in court courts is reasonable under MCL 769.1k(1)(b)(*iii*), using information obtained from the Chief Judge of the Third Circuit Court, as well as the Third Circuit's court administrator. Accordingly, defendant's claim is without merit.[2]

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[2] Defendant also raised several other arguments in a pro se brief filed pursuant to Administrative Order 2004–6, Standard 4. However, the scope of this appeal is limited to the resentencing proceeding only. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("[W]e hold that the scope of the second appeal is limited by the scope of the remand."). Therefore, we decline to address those additional arguments.