# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER LEE JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2018

No. 334741
Wayne Circuit Court
LC No. 13-001600-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER LEE JOHNSON,

        Defendant-Appellant.

No. 334742
Wayne Circuit Court
LC No. 12-010789-01-FC

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In these consolidated appeals, defendant appeals as of right a June 8, 2016, opinion and order denying resentencing. We affirm in Docket No. 334741. We remand for further proceedings in Docket No. 334742.

In Docket No. 334741, defendant previously appealed as of right his jury-trial convictions of kidnapping, MCL 750.349, and two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b. Defendant was sentenced to 15 to 30 years' imprisonment for all three convictions, with the sentence for one count of CSC-I to be served consecutively to the sentence for kidnapping. Defendant previously argued, among other things, that the trial court had impermissibly and unconstitutionally scored his offense variables (OVs) using judge-found facts. This Court determined that Michigan's sentencing system did not violate any constitutional rights. *People v Johnson (Johnson I)*, unpublished opinion per curiam of the Court of Appeals, issued July 7, 2015 (Docket Nos. 316314, 316983, 320014), p 9. Defendant subsequently appealed to the Michigan Supreme Court. The Supreme Court, after the issuance of *People v*

*Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), reversed this Court and remanded the matter to the trial court "to determine whether the [trial] court would have imposed a materially different sentence under the sentencing procedure described in . . . *Lockridge*[.]" *People v Johnson (Johnson II)*, 499 Mich 911; 878 NW2d 283 (2016).

In Docket No. 344742, defendant appealed as of right his jury-trial convictions of CSC-I, MCL 750.520b, and assault with a dangerous weapon (felonious assault), MCL 750.82. Defendant was sentenced to consecutive terms of 20 to 50 years' imprisonment for the CSC-I conviction and 30 to 48 months' imprisonment for the felonious assault conviction. Defendant appealed to this Court, arguing, among other things, that the trial court had "(1) impermissibly enhanced his sentence based on facts not found by the jury when it scored various offense variables and (2) . . . failed to sufficiently justify its sentences, which departed from the applicable sentencing guidelines ranges." *Johnson I*, unpub op at 15. This Court agreed with the latter argument, vacated the sentences, and remanded the matter so that the trial court could either "sentence defendant within any applicable sentencing guidelines ranges for both his CSC I and felonious assault convictions, or articulate on the record a substantial and compelling reason for departure and justify the extent of the departure[.]" *Id.* at 17. The Supreme Court denied defendant's application for leave to appeal. *Johnson II*, 499 Mich at 911.

I. DOCKET NO. 334741[1]

On appeal after remand, defendant takes issue with the trial court's decision to impose consecutive sentences without articulating the basis for doing so. However, defendant's issue is outside the scope of remand, and therefore it is not properly before this Court.

Because defendant was originally sentenced before issuance of the Supreme Court's opinion in *Lockridge*, the Supreme Court remanded this case for the limited purpose of having the trial court determine whether, in light of its decision in *Lockridge*, the trial court would have "imposed the same sentence absent the unconstitutional constraint on its discretion[.]" *Johnson II*, 499 Mich at 911.

In *Lockridge*, 498 Mich at 364, the Supreme Court held that Michigan's sentencing guidelines were unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" Accordingly, the Supreme Court held that the sentencing guidelines are advisory only. *Id.* at 365; see also *People v Steanhouse*, 500 Mich 453, ___; 902 NW2d 327, 329 (2017). "[I]n cases in which a

---

[1] We note that in its brief on appeal in Docket No. 334741, the prosecution challenges this Court's jurisdiction to hear defendant's appeal, on the basis that defendant cannot challenge the sentences imposed on January 3, 2014, in an appeal as of right from the trial court's most recent order of June 8, 2016. However, we conclude that the trial court's June 8, 2016, order was a final order under MCR 7.202(6)(b)(iv), which provides this Court with a sufficient basis to evaluate defendant's claim. Whether defendant's claim is outside the scope of the remand, as discussed *infra*, is a separate issue from whether this Court has jurisdiction to hear the claim.

defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397. Post-*Lockridge*, trial courts may still calculate OVs using judge-found facts, but are no longer "*bound* by the applicable sentencing guidelines range[.]" *Id*. at 392; see also *People v Biddles*, 316 Mich App 148, 160-161; 896 NW2d 461 (2016).

On remand, the trial court acknowledged the Supreme Court's holding in *Lockridge*, but determined that it "would have imposed the same sentence absent the unconstitutional restraints." Thus, the trial court has already reconsidered defendant's sentences in accordance with *Lockridge*, as instructed by the Supreme Court. The sole question defendant presents in the current appeal is whether the trial court abused its discretion by imposing consecutive sentences, an issue not previously considered in this case by either this Court or by the Supreme Court. *Johnson I*, unpub op at 6-9; *Johnson II*, 499 Mich at 911-912. This Court's review of defendant's second appeal is limited by the scope of the remand. *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975); see also *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Accordingly, defendant's argument relating to his consecutive sentences is not properly before this Court. *Jones*, 394 Mich at 435-436. There is no basis for relief.

The prosecution makes additional arguments on appeal but we decline to consider them because (1) they are outside the scope of the remand, *id*., and (2) the prosecution did not file a cross-appeal, see *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) (discussing cross-appeals generally). We express no opinion regarding whether the prosecution may be able to obtain the relief it seeks in additional lower-court proceedings but merely note that the issues are not properly before us.

## II. DOCKET NO. 334742

Defendant argues that on remand, the trial court again failed to explain adequately its reasoning for the sentences imposed.

A sentence that departs from the applicable minimum sentencing guidelines range is to be reviewed for reasonableness. *Steanhouse*, 500 Mich at ___; 902 NW2d at 335. Reasonableness embodies the principle of proportionality found in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at ___; 902 NW2d at 337. The key question is whether the sentence is " 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*., quoting *Milbourn*, 435 Mich at 636. If this Court determines that the trial court abused its discretion in applying the principle of proportionality "by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing." *Steanhouse*, 500 Mich at ___; 902 NW2d at 338.

As noted, this Court remanded the matter for the trial court to justify its sentences. *Johnson I*, unpub op at 17. The trial court did not do so, stating merely that "justification of an upward departure is no longer mandatory under *Lockridge*." We acknowledge that this Court referred to the outdated "substantial and compelling reasons" standard in discussing the need for

justification, *id*., but, significantly, both parties to the present appeal agree that the law has been clarified and that the "reasonableness" and "principle of proportionality" standards from *Steanhouse* are now applicable. Under the unique circumstances of this case, we find the best course of action, in order to ensure that both the remand order and the current state of the law are accounted for, is to remand this case for further proceedings consistent with *Steanhouse*.

We affirm in Docket No. 334741. We remand for further proceedings in Docket No. 334742. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ David H. Sawyer