# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

UNPUBLISHED
February 13, 2018

v

JAMSHID BAKSHI ZAHRAIE,

    Defendant-Appellant.

No. 336023
Tuscola Circuit Court
LC No. 13-012924-FH

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

Following a jury trial, Jamshid Bakshi Zahraie was convicted of conducting an enterprise through a pattern of racketeering activity (racketeering),[1] unlawful possession of a controlled substance with intent to deliver,[2] unlawful manufacture of a controlled substance,[3] unlawful delivery of a controlled substance,[4] unlawful possession of a controlled substance,[5] and maintaining a drug house.[6] He was sentenced as a third-offense habitual offender[7] to 15 to 40 years' imprisonment for racketeering; 4 to 14 years' imprisonment each for unlawful possession of a controlled substance with intent to deliver, unlawful manufacture of a controlled substance, and unlawful delivery of a controlled substance; and 18 months to 4 years' imprisonment each for unlawful possession of a controlled substance and maintaining a drug house.

---

[1] MCL 750.159i(1).

[2] MCL 333.7212(1)(e) and MCL 333.7401(2)(b)(*ii*).

[3] MCL 333.7212(1)(e) and MCL 333.7401(2)(b)(*ii*).

[4] MCL 333.7212(1)(e) and MCL 333.7401(2)(b)(*ii*).

[5] MCL 333.7212(1)(e) and MCL 333.7403(2)(b)(*ii*).

[6] MCL 333.7405(1)(d) and MCL 333.7406.

[7] MCL 769.11.

Zahraie asserted several claims of error in an earlier appeal, and we affirmed his convictions.[8] The underlying facts were set forth in our earlier opinion, and we need not repeat them here. We note only that Zahraie's convictions arose out of repeated sales of synthetic marijuana from a party store and gas station owned by Zahraie and the discovery of manufacturing materials for synthetic marijuana in his apartment.

After Zahraie's appeal to this Court, the Michigan Supreme Court decided *People v Lockridge*,[9] and remanded Zahraie's case to the trial court to determine if it would have imposed a materially different sentence but for the constraint of the sentencing guidelines, which were mandatory when Zahraie was sentenced.[10] On remand, the trial court denied Zahraie's motion for resentencing because it found that Zahraie's sentence was within the sentencing guidelines range and proportional to Zahraie and the seriousness of his crimes. Zahraie appeals this order as of right. We affirm.

On appeal, Zahraie argues that the trial court erred in denying resentencing because the sentence originally imposed by the court was not proportional to Zahraie and the seriousness of his crimes. We disagree.

At the time that Zahraie was initially sentenced, Michigan's sentencing guidelines were mandatory, and MCL 769.34(3) required the trial court to state substantial and compelling reasons for imposing a sentence departing from the sentencing guidelines range.[11] In *Lockridge*, the Michigan Supreme Court held that the mandatory use of the sentencing guidelines was unconstitutional because the guidelines allowed a defendant's minimum sentences to be increased based on facts found by a judge rather than by a jury beyond a reasonable doubt, as the Sixth Amendment requires.[12] Accordingly, the Court ruled that the sentencing guidelines would thereafter be advisory, rather than mandatory, and that departures from the sentencing guidelines would be reviewed on appeal for reasonableness.[13] However, "*Lockridge* did not alter or diminish MCL 769.34(10),"[14] which requires this Court to affirm a sentence within the

---

[8] *People v Zahraie*, unpublished per curiam opinion of the Court of Appeals, issued July 9, 2015 (Docket Nos. 321724 and 321835). Zahraie's first appeal was consolidated with the appeal filed by his codefendant. *People v Zahraie*, unpublished order of the Court of Appeals, entered June 19, 2014 (Docket Nos. 321724 and 321835).

[9] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[10] *People v Zahraie*, 499 Mich 866 (2016).

[11] *Lockridge*, 498 Mich at 387, 391.

[12] *Id.* at 373-374, 388-389.

[13] *Id.* at 391-392.

[14] *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).

guidelines sentence range "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."[15]

In this case, Zahraie was originally sentenced within the applicable sentencing guidelines range, and the trial court denied Zahraie's motion for resentencing on remand. Accordingly, so long as the trial court did not err in scoring the sentencing guidelines or rely upon inaccurate information in determining Zahraie's sentence, this Court must affirm Zahraie's sentence. Zahraie has not alleged that the trial court relied upon inaccurate information in determining his sentence, but he does argue that the trial court erred in scoring 10 points under Offense Variable (OV) 3, MCL 777.33 (physical injury to victim).

"When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order."[16] Additionally, a subsequent appeal stemming from the proceedings on remand is, likewise, limited by the scope of the remand.[17] The Supreme Court remanded Zahraie's first appeal to the trial court with specific instructions to follow the procedure outlined in Part VI of the *Lockridge* opinion.[18] The remand order further stated that "[i]f the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence."[19] Consistent with this directive, the trial court reviewed and affirmed Zahraie's sentences. Because the trial court determined that Zahraie was not entitled to resentencing, it had no reason or opportunity to rescore OV 3. Accordingly, this issue is not properly before this Court. Moreover, even if this issue were properly presented, it lacks merit. We note that Zahraie's codefendant previously challenged the trial court's scoring of OV 3, and this Court determined that the trial court properly assessed 10 points with respect to codefendant, who had aided and abetted Zahraie in selling synthetic marijuana to an individual who suffered a seizure after smoking it.[20] Zahraie's challenge to the scoring of OV 3 is similarly unpersuasive.[21] Because we find no error in the

---

[15] MCL 769.34(10).

[16] *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).

[17] *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975).

[18] *Zahraie*, 499 Mich 866.

[19] *Id*.

[20] *Zahraie*, unpub op at 9-10.

[21] Ten points are scored for OV 3 where bodily injury requiring medical treatment occurred to a victim. MCL 777.33(1)(d). Lance Bell testified that he ingested synthetic marijuana purchased at Zahraie's store and subsequently fainted. An observer testified that, before Bell fainted, he began "jolting." Bell was later taken to a hospital. This testimony is sufficient to support the assessment of 10 points for OV 3. Although Zahraie argues against the credibility of the observer's testimony, claiming that the observer was intoxicated at the time of his observation, credibility is not a question for this Court to resolve.

scoring of Zahraie's sentencing guidelines and the trial court did not rely on inaccurate information, we must affirm Zahraie's sentences.[22]

Zahraie argues that the trial court did not adequately articulate its reasoning for denying resentencing. We note that there is no specific articulation requirement as to the trial court's findings during a *Crosby*[23] remand and that, to the extent that trial courts must generally articulate sufficient findings to enable meaningful appellate review, the trial court's findings satisfied this requirement. The trial court found that Zahraie continued to sell synthetic marijuana despite repeated instruction from and interaction with law enforcement, that Zahraie's sale of synthetic marijuana caused a person to suffer a seizure, that Zahraie had a criminal history, and that Zahraie's original sentence was within the sentencing guidelines range. These are sufficient findings to enable appellate review, and it is unclear what additional findings Zahraie believes the trial court should have made.

Zahraie also raises several issues concerning the Supreme Court's remand order, the constitutionality of various portions of the *Lockridge* decision, and a substantive argument as to the validity of his convictions. However, like his argument regarding OV 3, these issues are beyond the scope of the Supreme Court's remand order and, therefore, beyond the scope of our review on appeal from the remand proceedings.[24]

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

---

[22] MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

[23] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[24] *Jones*, 394 Mich at 435-436; *Russell*, 297 Mich App at 714.