# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 15, 2018

Plaintiff-Appellee,

v

No. 334691
Oakland Circuit Court
LC No. 2013-248294-FH

TANICA LAMARR EGGLESTON,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted of third-degree fleeing and eluding, MCL 257.602a(3), resisting and obstructing a police officer, MCL 750.81d(1), fourth-degree child abuse, MCL 750.136b(7)-(8), and operating a motor vehicle with a suspended or revoked license, MCL 257.904(3)(b). Defendant was originally sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 4 to 40 years' imprisonment for the fleeing and eluding conviction, 2 to 15 years' imprisonment for the resisting and obstructing a police officer conviction, and time served for the child abuse and operating a motor vehicle with a suspended or revoked license convictions.

Defendant previously appealed to this Court, and argued that he did not effectively waive his right to counsel and that the trial court erred by assessing him 10 points for offense variable (OV) 4, pursuant to MCL 777.34(2). See *People v Eggleston*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2015 (Docket No. 322710). This Court affirmed defendant's convictions, but remanded to the trial court in accordance with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), for it to determine whether it would have imposed a materially different sentence in light of the now-advisory nature of the sentencing guidelines. *Eggleston*, unpub op at 4-5. On remand, the trial court concluded that it would not have imposed a materially different sentence in light of *Lockridge*, and reaffirmed defendant's original sentences. This appeal followed. We affirm.

Defendant argues that he was denied the effective assistance of counsel, both at the time his plea was withdrawn and at the time of his original sentencing. However, this Court's review of defendant's second appeal is limited by the scope of the remand. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975), and *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("where an appellate court remands for some limited purpose

-1-

following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand.") Defendant could have raised his ineffective assistance of counsel issues in his previous appeal, but chose not to. Additionally, defendant also does not cite to any alleged errors that occurred on remand.

This Court previously remanded this matter for the trial court consistent with the procedure outlined in *Lockridge*. Accordingly, because the issues raised by defendant on appeal after remand fall outside the scope, we decline to review them. *Jones*, 394 Mich at 435-436.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro